UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY MAYES, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 14-CV-1759 |
| | ) | |
| v. | ) | JUDGE PEARSON |
| | ) | |
| ELI LILLY AND COMPANY, et al. | ) | MAGISTRATE JUDGE BURKE |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ELI LILLY AND COMPANY'S MOTION
TO DISMISS THE FIFTH AND SIXTH CAUSES OF ACTION
OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Eli Lilly and Company respectfully moves the Court, pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the fifth and sixth causes of action of Plaintiff's First Amended Complaint. First, and similar to the common law claims in Plaintiff's original complaint, Plaintiff's sixth cause of action for negligent infliction of emotional distress fails because it has been expressly abrogated by the Ohio Product Liability Act ("OPLA"), Ohio Rev. Code § 2307.71 *et seq.* Likewise, to the extent Plaintiff is attempting

to state a claim in his fifth cause of action for violation of Ohio's Consumer Sales Practices Act ("OCSPA"), Ohio Rev. Code § 1345.12 *et seq.*, Plaintiff's personal injury claim is precluded by the express language of the OCSPA. In addition, Plaintiff's fifth cause of action fails as a matter of law because Plaintiff does not have standing to bring a claim under Ohio's Deceptive Trade Practices Act, Ohio Rev. Code § 4165.01 *et seq.* ("DTPA").

For the foregoing reasons, which are set forth more fully in the attached Memorandum in Support, the Court should dismiss the fifth and sixth causes of action of Plaintiff's First Amended Complaint.

Respectfully submitted,

/s/ Joyce D. Edelman
Joyce D. Edelman (0023111), Trial Attorney
Porter, Wright, Morris & Arthur LLP
41 South High Street
Columbus, Ohio 43215
Telephone: (614) 227-2000
Facsimile: (614) 227-2100
Email: jedelman@porterwright.com

Michael X. Imbroscio (D.C. Bar No. 445474)
   *admitted pro hac*
Phyllis A. Jones (D.C. Bar No. 983154 )
   *admitted pro hac*
Covington and Burling LLP
One City Center
850 Tenth Street, NW
Washington, D.C. 20001-4956
Telephone: (202) 662-5694
Facsimile: (202) 778-5868
Email: mimbroscio@cov.com
Email: pajones@cov.com

*Attorneys for Defendant Eli Lilly and Company*

# MEMORANDUM IN SUPPORT OF DEFENDANT ELI LILLY AND COMPANY'S MOTION TO DISMISS THE FIFTH AND SIXTH CAUSES OF ACTION OF PLAINTIFF'S FIRST AMENDED COMPLAINT

**I. INTRODUCTION**

Plaintiff Gregory Mayes purports to bring an action for personal injury arising from the discontinuation of Cymbalta. (First. Am. Compl., ¶ 1.) Plaintiff alleges that he "was prescribed Cymbalta® by his physician for the treatment of anxiety." (*Id.*, ¶ 34.) While taking Cymbalta®, Plaintiff claims that he began to "feel unlike himself" and, as a result, "elected to stop taking Cymbalta®." (*Id.*, ¶ 35.) According to Plaintiff, upon his discontinuation of Cymbalta®, he experienced a variety of what he describes as "withdrawal" symptoms, including "brain zaps, hallucinations, and suicidal thoughts." (*Id.*, ¶ 36.)

On August 11, 2014, Plaintiff filed the instant lawsuit against Defendant Eli Lilly and Company ("Lilly") and Does 1 through 50. In his original Complaint, Plaintiff asserted seven common law causes of action including among other claims: strict product liability, negligent misrepresentation, fraud, and an eighth claim for violation of the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Rev. Code § 1345.12 *et seq.* In response, on January 16, 2015, Lilly moved to dismiss Plaintiff's Complaint in its entirety because the Ohio Product Liability Act ("OPLA"), Ohio Rev. Code § 2307.71 *et seq.* provides Plaintiff's exclusive remedy in this case.

On February 9, 2015, Plaintiff filed his First Amended Complaint, which includes four causes of action brought pursuant to the OPLA: (1) Product Defect in Design or Formulation Ohio Revised Code § 2307.75; (2) Product Design Defect due to Inadequate Warning and/or Instructions Ohio Revised Code § 2307.76; (3) Product Defect in Failure to Conform to Representations Ohio Revised Code § 2307.77; and (4) Product Defect in Failure to Conform With Representations Ohio Revised Code § 2307.77. In addition, Plaintiff's First Amended

3

Complaint includes a fifth cause of action for "Violation of Unfair and Deceptive Trade Practices Act" and a sixth cause of action for "Negligent Infliction of Emotional Distress."

Although Plaintiff has now asserted four claims pursuant to the OPLA, his fifth and sixth causes of action still fail as a matter of law. As was true of the common law claims asserted in his original Complaint, the OPLA abrogates Plaintiff's sixth cause of action for negligent infliction of emotional distress. In addition, Plaintiff's fifth cause of action includes a reference to an alleged violation of the OCSPA, yet the OPLA and the express language of the OCSPA preclude this claim. Further, Plaintiff does not have standing to assert his fifth cause of action for violation of the Ohio Deceptive Trade Practices Act ("ODTPA"), Ohio Rev. Code § 4165.01 *et seq*. Therefore, the Court should dismiss the fifth and sixth causes of action of Plaintiff's First Amended Complaint.

## II.  LAW AND ARGUMENT

### A.  Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim "showing that the pleader is entitled to relief," as required by Rule 8(a). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)). Dismissal is appropriate "if no law supports the claim made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Han v. Univ. of Dayton*, No. 13-3048, 2013 U.S. App. LEXIS 22788, at *5-6 (6th Cir. 2013) (citing *Twombly*, 550 U.S. at 561-64).

4

B.  **The OPLA Abrogates Plaintiff's Sixth Cause of Action for Negligent Inflition of Emotional Distress.**

Although Plaintiff's First Amended Complaint now includes product liability claims pled pursuant to the OPLA, Plaintiff cannot succeed on his sixth cause of action for negligent infliction of emotional distress because the OPLA abrogates such claim. The OPLA expressly abrogates all common law product liability causes of action for personal injury. Ohio Rev. Code § 2307.71(B) (the OPLA is "intended to abrogate all common law product liability claims or causes of action"). As this Court has held, "the language of § 2307.71(B) clearly proclaims the legislature's specific intention to eliminate common law product liability causes of action." *Miles v. Raymond Corp.*, 612 F. Supp. 2d 913, 920 (N.D. Ohio 2009); *see also Mitchell*, No. 2:09-CV-426, 2010 U.S. Dist. LEXIS 17956, at *6 (S.D. Ohio Mar. 1, 2010) ("OPLA eliminated common law product liability causes of action."). The OPLA defines a "product liability claim" as one in which a plaintiff seeks to recover for an injury to person or property by a product that is defective in design, manufacture, warning or warranty (nonconformance with manufacturer representations). *Id*. § 2307.71 (A)(13). No claims other than the four expressly permitted by the OPLA – (1) manufacturing defect; (2) design defect; (3) inadequate warning; or (4) noncompliance with manufacturer's representations – are viable. *Tolliver v. Bristol-Myers Squibb Co.*, No. 1:12 CV 00754, 2012 U.S. Dist. LEXIS 105518, at *7 (N.D. Ohio July 30, 2012).

Based on the OPLA's definition of a product liability claim and the express language abrogating all common law product liability claims, "[c]ourts routinely dismiss non-statutory product liability claims brought under Ohio law." *Evans v. Hanger Prosthetics & Orthotics, Inc.*, 735 F. Supp. 2d 785, 796 (N.D. Ohio 2010); *see also id*. at 797 (dismissing negligent failure to warn, negligent design, general negligence, breach of warranty, and common law punitive

damages claims as abrogated by the OPLA); *Tolliver*, 2012 U.S. Dist. LEXIS 105518, at *7 (dismissing plaintiffs' common law claims of negligence, negligence per se, and breach of warranty as abrogated by the OPLA); *Hempy v. Breg, Inc.*, No. 2:11-CV-900, 2012 U.S. Dist. LEXIS 14947, at *8 (S.D. Ohio Feb. 6, 2012) (the OPLA abrogates claims for negligence, breach of express warranty, breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose); *Miller v. Alza Corp.*, 759 F. Supp. 2d 929, 943 (S.D. Ohio 2010) (the OPLA abrogates claims of negligence, negligent misrepresentation, and warranty claims); *Mitchell*, 2010 U.S. Dist. LEXIS 17956, at *8 ("The OPLA has been held to abrogate claims for strict products liability, negligent failure to warn, breach of express warranty, and breach of implied warranty."); *see also Amendola v. R.J. Reynolds Tobacco Co.*, No. 98-4506, 1999 U.S. App. LEXIS 31977, *9 (6th Cir. Nov. 24, 1999) (holding that plaintiff's negligent misrepresentation and negligent infliction of emotional distress claims were barred by the OPLA). This overwhelming, unambiguous authority from the Sixth Circuit, this Court, and the Southern District of Ohio compels dismissal of Plaintiff's common law claim for negligent infliction of emotional distress.

**C.  Plaintiff's Claim for Violation of the OCSPA Also Fails as a Matter of Law.**

To the extent Plaintiff's fifth cause of action—specifically, Paragraph 87—is meant to assert a claim pursuant to the OCSPA, it necessarily fails as a matter of law and must be dismissed because it is based upon the alleged personal injuries Plaintiff sustained after being prescribed Cymbalta®. By Plaintiff's own admission, this lawsuit is a "civil action for products liability alleging personal injuries and damages, including serious and life threatening withdrawal symptoms, suffered by Plaintiff . . . as a direct and proximate result of his ingestion and cessation of the prescription drug, Cymbalta®." (*Id.*, ¶ 1.) Once again, the OPLA—not the

6

OCSPA—provides Plaintiff's exclusive remedy for Plaintiff's product liability claims against Lilly.  *See* Ohio Rev. Code § 2307.72.

Moreover, the OCSPA expressly excludes claims for personal injury.  Ohio Rev. Code § 1345.12 ("Sections 1345.01 to 1345.13 of the Revised Code do not apply to . . . [c]laims for personal injury or death.").  In *Chamberlain v. Am. Tobacco Co., Inc.*, No. 1:96-CV-02005, 1999 U.S. Dist. LEXIS 22636, at *58-59 (N.D. Ohio, Nov. 19, 1999), this Court noted the difference between a claim subject to the OCSPA and a claim that is excluded under the personal injury exception:

> The predomina[nt] harm, which is the gravamen of this case, is the alleged physical harm associated with the consumption of tobacco products.  Hence, it is important to note that section 1345.12 precludes recovery on the basis of personal injury or death.  Therefore, discounting the purported physical harm and the associated medical costs, Ohio consumers have not suffered any economic harm due to the consumption of tobacco products.

*Id*. (quoting *State of Ohio v. Philip Morris*, No. 97CVH05-5114, slip op. at 19 (Franklin Cty., Ohio Aug. 28, 1998) (dismissing the plaintiffs' OCSPA claims against a tobacco company, despite arguments that the plaintiffs made a claim for economic damages by requesting restitution of the purchase price of cigarettes)).

The Court must look to the "substance of the claim, not the manner in which it is pleaded" to determine whether he has asserted a plausible claim.  *Thompson v. Sunbeam Prods*., No. 2:10-CV-98, 2011 U.S. Dist. LEXIS 110677, at *44-45 (S.D. Ohio Sept. 28, 2011).  In this case, Plaintiff has clearly made a claim only for personal injuries as a result of his ingestion and cessation of Cymbalta®.  Plaintiff alleges that Defendant has engaged in a "pattern of affirmative misrepresentations and omission relating to the safety and efficacy of Cymbalta." (First Am. Compl., ¶ 39.)  Those alleged misrepresentations, according to Plaintiff, caused "unnecessary pain and suffering"; "past and future mental anguish"; "loss of enjoyment of life"; and other past

and future medical expenses. (*Id.*, ¶ 42.) Thus, the predominant harm alleged here, just as in *Chamberlain*, is not economic; it is physical, rooted in the injuries he alleges from having stopped taking Cymbalta as prescribed. *See Chamberlain*, 1999 U.S. Dist. LEXIS 22636, at *59 (refusing to find that funds expended because of a supplier's misrepresentations about a product resulting in physical harm to consumers constitutes an actionable claim under the OCSPA).

Because the "gravamen" of Plaintiff's First Amended Complaint, therefore, is the "alleged physical harm associated with" Plaintiff's ingestion and cessation of Cymbalta®, Plaintiff's OCSPA claim (to the extent that is what he is trying to assert in Paragraph 87 of the First Amended Complaint) fails as a matter of law and should be dismissed. *Id*. at *58-59.

### D. Plaintiff's Fifth Cause of Action for Violation of the ODTPA Fails as a Matter of Law.

Plaintiff is barred from bringing suit under the ODTPA as a matter of law, and therefore, his fifth cause of action must be dismissed. The ODTPA is substantially similar to the Lanham Act, 15 U.S.C. §1125(a) *et seq*. As a result, when adjudicating claims under the ODTPA, Ohio courts apply "the same analysis applicable to claims commenced under [the] analogous federal law." *Arlington Video Prods., Inc. v. Fifth Third Bankcorp*, No. 2:08-cv-122, 2008 U.S. Dist. LEXIS 51196, at *6-7 (S.D. Ohio May 1, 2008); *accord Mountain To Beverage Group, Inc. v. Wildlife Brewing N.B., Inc.*, 338 F. Supp. 2d 837, 840 n.1 (S.D. Ohio 2004); *Corrova v. Tatman*, 844 N.E.2d 366, 2005-Ohio-6877, ¶ 23 (Ohio Ct. App. 2005).

This Court has held that consumers do not have standing to sue under the ODTPA because that Act is construed in accordance with the Lanham Act, and most federal circuit courts have held that consumers are barred from suing under the Lanham Act. *Phillips v. Philip Morris Cos.*, 290 F.R.D. 476, 483-85 (N.D. Ohio 2013) (following the majority view and holding "that consumers lack standing to bring claims under the DTPA"); *Glassner v. R.J. Reynolds Tobacco*

*Co.*, No. 5:99CV0796, 1999 U.S. Dist. LEXIS 22637, at *21 (N.D. Ohio June 29, 1999) ("This Court holds that Ohio Rev. Code § 4165.01 *et seq.* governs conduct between commercial entities, not between a commercial entity and a consumer"); *Chamberlain v. Am. Tobacco Co.*, No. 1:96-CV-02005-PAG, 1999 U.S. Dist. LEXIS 22636, at *60 (N.D. Ohio Nov. 19, 1999) (following *Glassner* and holding that the DTPA "only applies between commercial entities"); *accord Dawson v. Blockbuster*, 2006-Ohio-1240, ¶¶ 23-26 (Ohio Ct. App. 2006). Plaintiff's claims under the ODTPA fail under the same principle and should accordingly be dismissed.

### III. CONCLUSION

For all the foregoing reasons, Lilly's Motion to Dismiss the Fifth and Sixth Causes of Action of Plaintiff's First Amended Complaint should be granted pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6).

Respectfully submitted,

/s/ Joyce D. Edelman
Joyce D. Edelman (0023111), Trial Attorney
Porter, Wright, Morris & Arthur LLP
41 South High Street
Columbus, Ohio 43215
Telephone: (614) 227-2083
Facsimile: (614) 227-2100
Email: jedelman@porterwright.com

Michael X. Imbroscio (D.C. Bar No. 445474)
   *admitted pro hac*
Phyllis A. Jones (D.C. Bar No. 983154 )
   *admitted pro hac*
Covington and Burling LLP
One City Center
850 Tenth Street, NW
Washington, D.C. 20001-4956
Telephone: (202) 662-5694
Facsimile: (202) 778-5868
Email: mimbroscio@cov.com
Email: pajones@cov.com

*Attorneys for Defendant Eli Lilly and Company*

## **CERTIFICATE OF COMPLIANCE WITH PAGE LIMIT**

The undersigned counsel hereby certifies that this case has been assigned to a standard case management track. The foregoing Memorandum in Support of the Motion to Dismiss Plaintiff's First Amended Complaint adheres to the page limitations set forth for standard track cases.

/s/ Joyce D. Edelman
Joyce D. Edelman

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2015, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

    Craig S. Tuttle
    Leeseberg & Valentine
    175 South Third Street, PH-1
    Columbus, OH 43215

    Harris L. Pogust
    T. Matthew Leckman
    Pogust, Braslow & Millrood, LLC
    Eight Tower Bridge, Suite 1520
    161 Washington Street
    Conshohocken, PA 19428

    Michael L. Baum
    Brent Wisner
    Baum, Hedlund, Aristei & Goldman PC
    12100 Wilshire Blvd., Suite 950
    Los Angeles, CA 90025

    *Attorneys for Plaintiff*

    /s/ Joyce D. Edelman
    Joyce D. Edelman