UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY MAYES, | ) | CASE NO. 4:14cv1759 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | CASE MANAGEMENT |
| | ) | CONFERENCE ORDER |
| ELI LILLY AND COMPANY, | ) | |
| | ) | CASE MANAGEMENT PLAN |
| Defendant. | ) | LR 16.1(b)(4) |

1. A Case Management Conference was conducted on April 29, 2015.

2. The following parties were present:

    A. Defendant: Chris Gramling as party representative for Eli Lilly and Company

    B. Plaintiff Gregory Mayes was not in attendance and his absence was unexcused.

3. The following attorneys were present:

    A. Plaintiff's counsel: Harris L. Pogust

    B. Defendant's counsel: Joyce D. Edelman and Michael X. Imbroscio

4. A Discovery Plan was filed on April 24, 2015.

-1-

(4:14cv1759)

### REGISTRATION FOR RECEIPT OF ELECTRONIC DOCUMENTS

If it has not already been done, all counsel must complete Attorney Registration Forms and return them to the Clerk of Court as soon as possible so that attorney user accounts can be established. An Attorney Registration Form is in the Policies and Procedures Manual. In addition, counsel can easily register online at:

http://www.ohnd.uscourts.gov/home/clerk-s-office-and-court-records/electronic-filing/cm-ecf-attorney-registration/

As soon as accounts are established, counsel will be provided with user identification names and passwords which will permit access to the electronic filing system and which shall serve as signatures for any and all documents filed electronically.

The Clerk's Office has established an Electronic Filing Help Desk at 1-800-355-8498 to answer questions and provide assistance should difficulties arise.

### RULINGS ON ADDITIONAL MATTERS PURSUANT TO LR 16.3(b)(2)

5. After consultation with the parties and counsel, the Court determined that this case will proceed on the Standard Track.

6. The parties agree that this case is not suitable for alternative dispute resolution at this time.

7. The parties do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

8. There are no case-specific rulings as to the type and extent of discovery. Parties are to follow the limits established by the Local and Federal civil rules.

(4:14cv1759)

     9. The parties have agreed to a method for conducting discovery of electronically-stored information.

     10. (A) The cutoff date for fact discovery shall be June 30, 2015. The parties shall timely provide the information requested during formal discovery and comply with their disclosure obligations pursuant to Fed. R. Civ. P. 26. The cutoff for expert discovery shall be August 31, 2015. In the event that the parties engage in expert discovery, initial expert reports are due forty-five (45) days before August 31, 2015. Responsive reports, if necessary, shall be submitted twenty (20) days before August 31, 2015.

       (B) A party may take a discovery deposition of its opponent's expert witness only after the exchange of reports has occurred. If necessary, the parties shall agree upon dates for the discovery depositions of an opponent's expert witness. If a party chooses not to use its own expert witness, it will be permitted to take the discovery deposition of its opponent's expert witness only after submitting a written statement advising the Court and opposing counsel to that effect.

     A party may not call an expert witness to testify unless a written report prepared and signed by the witness has been procured and provided to opposing counsel. The report shall contain a complete statement of all opinions of the expert as to each issue on which she will testify and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness in the previous 10 years; the compensation to be paid for the study and testimony in the case; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. An expert will not be permitted to testify or provide opinions on issues not raised in her report.

(4:14cv1759)

11. Without leave of Court, no discovery or disclosure materials may be filed, except as necessary to support dispositive motions.  If a party intends to rely on deposition testimony in support of its position on a motion, the Court prefers the filing of the entire deposition rather than excerpts, unless the party truly believes that excerpts are sufficient, and with the proviso that any other party who believes the excerpts offered are not sufficient is free to file the entire deposition.  In any event, discovery and disclosure materials submitted in support of any party's position shall be filed at the same time as that party's memorandum setting forth its position.

12. The cutoff for filing dispositive motions is October 30, 2015.  Oppositions are due November 30, 2015; replies are due December 14, 2015.  Lead counsel of record shall confer with one another in person in order to prepare written stipulations as to all uncontested facts to be presented by the dispositive motion.  The stipulations shall be filed with the Court on or before October 30, 2015.

Before a party may file a dispositive motion, the party's counsel must submit a written request to be dismissed to opposing counsel.  Opposing counsel shall either agree to the request for dismissal or shall give explicit reasons in writing for refusing to do so.  Upon such refusal, the party intending to move shall reassess its position and may file a dispositive motion if that party still believes dismissal or summary judgment is warranted.  The dispositive motion must be accompanied by a statement certifying that this exchange has occurred.

13. The cutoff to amend pleadings and add parties is May 29, 2015.  The cutoff date, however, is merely a time limitation—not a blanket leave.  A party must still demonstrate that an amendment is proper under Fed R. Civ. P. 15(a).  Absent written consent of the adverse party, the party seeking to amend at least must alert the Court and the adverse party to the substance of the proposed amendment by filing a Motion for Leave with an accompanying memorandum of law addressing the requirements of Rule 15(a).  In all cases, the party seeking leave of Court to

-4-

(4:14cv1759)

amend must certify that prior notice of the proposed amendment was given and the adverse party withheld consent.

      14. A Status Conference will be held on September 16, 2015, at 12:00 p.m. The conference will be conducted *via* telephone unless circumstances require otherwise. Lead counsel must be present unless excused by the Court upon written motion. Parties' attendance is welcome, but not mandatory. Counsel for Plaintiff is to set up the conference call and contact chambers directly at 330-884-7435 with all participants on the line. Counsel should notify the Court in advance of the Status Conference if the matter has settled.

    The agenda for the Status Conference the results of discovery; the parties' plan going forward; whether the case is suitable for alternative dispute resolution; whether either party intends to file a dispositive motion; and any other topics that warrant the Court's attention.

      15. Counsel shall comply with LR 5.2. See pages 9-12 of the Electronic Filing Policies and Procedures Manual for further instructions.

      16. Protective Orders. The parties shall jointly file a proposed Stipulated Protective Order within fourteen (14) days of the date of this order. A general format is suggested in Appendix L of the Local Rules. Agreed protective orders which comply with the above will be approved, but with the understanding that, in the event this case should go to trial, no materials used in open court shall be entitled to the continuing designation of "confidential." Manually filed sealed documents shall not be presented to the Court unless electronic filing is not possible.

    If any party seeks to obtain judgment by either a motion to dismiss or a motion for summary judgment, only supporting confidential documentation, not the motions themselves, may be filed under seal.

      17. Additional Rulings Regarding Motions – LR 7.1(b)-(j) (12/09):

(4:14cv1759)


The Court will strictly enforce provisions regarding length of memoranda filed in support of motions. *See* LR 7.1(f). Motions for relief from the length restrictions must show good cause for such relief and must be made sufficiently in advance to permit the Court to rule and the Clerk's Office to issue the ruling. Motions for relief from length restrictions which are filed contemporaneously with the memorandum exceeding the page limits will be denied.

The Court will permit only the motion with its supporting memorandum, the memorandum in opposition, and a reply. No sur-replies will be permitted absent advance leave of Court.


      IT IS SO ORDERED.


|  April 30, 2015 |   */s/ Benita Y. Pearson* |
|---|---|
| Date | Benita Y. Pearson |
|  | United States District Judge |